RICHARD LaDUKE v. SIMON A. JACOBS.

198 N. W. 2d 340.

June 9, 1972—No. 43386.

*Kouri & Sparkman* and *Thomas B. Sparkman,* for relator.

*Schermer, Schwappach, Borkon & Ramstead* and *John D. Mariani,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

We have reviewed, upon writ of certiorari, a decision of the Workmen's Compensation Commission based upon its factual finding that respondent-employee was temporarily totally disabled by a work-incurred injury while in the employ of relator. Relator contends that the compensation judge erred in excluding from evidence a prior report of the medical expert who appeared on employee's behalf in which the physician had stated that there was difficulty in evaluating employee's condition because he was "absolutely unreliable, neurotic, lazy and unresponsible." The exclusionary ruling was not prejudicial, for the physician, in his testimony, did admit that employee was not a man he would completely trust in his statement of symptoms. The physician nevertheless testified that he believed the employee's complaints with respect to this injury, testimony corroborated by other medical evidence of record. The basic finding that employee was in fact employed by relator and was injured in the scope and course of that employment, although a vehemently disputed issue of fact, was amply supported by the evidence credited by the commission.

Respondent-employee is allowed $400 for his attorneys' fees on this appeal.

Affirmed.